IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, for the use of Gulf Coast Supply & Manufacturing, LLC, ) ) ) ) Plaintiff, ) ) Vs. ) ) Fortis SBJV, LLC; Western Surety Company; Federal Insurance Company; Your Roofers LLC; and Michelle Hopper, ) ) ) ) ) ) Defendants. ) ) | C/A No.: 3:21-330-JMC-SVH<br><br>ORDER |

Plaintiff filed this action asserting claims pursuant to 40 U.S.C. §§ 3131, *et seq.* ("the Miller Act"). [ECF No. 1]. The Clerk of Court issued the summons on February 3, 2021. [ECF Nos. 2–6]. On April 1, 2021, Michelle Hopper filed an unsigned pro se answer on her own behalf and purportedly on behalf of Your Roofers, LLC ("Your Roofers"). [ECF No. 24]. The answer did not have an address.

It is well-established that a corporate entity cannot appear pro se and must be represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through

1

> licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted); *see also Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

Accordingly, Your Roofers is directed to retain counsel and to file an answer or other responsive pleading to the complaint by **May 3, 2021**. If Your Roofers fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading by May 3, 2021, it may be subject to an entry of default judgment against it.

Additionally, Hopper is directed to provide a signed answer on her own behalf and to confirm her correct address by **April 19, 2021**. Hopper is

2

advised that failure to file a signed answer and confirm her address by April 19, 2021, may result in an entry of default judgment against her.

Hopper is further ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) of any address change, to assure that orders or other matters that specify deadlines are received. Failure to comply with this order may result in an entry of judgment against her.

IT IS SO ORDERED.

April 6, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge